IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY BERNARD SHEPPARD,
    Plaintiff,

v.                                                Case No. 3:11cv104/WS/CJK

MARY M. JOHNSON,
THE CLERK OF COURT, SANTA ROSA COUNTY
    Defendant.
_____

REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, has filed a complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, claiming the defendant violated the Eighth and Fourteenth Amendments, the Health Insurance Portability and Accountability Act ("HIPAA")[1], and various state laws by recording in official public records false information concerning the nature of plaintiff's criminal conviction. (Doc. 1). Pending before the Court is defendant's motion to dismiss (doc. 13), which plaintiff opposes (doc. 15). After careful review of the record and the arguments presented, the Court concludes that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff Timothy Sheppard has brought suit against defendant Mary M. Johnson, Clerk of Court of Santa Rosa County, Florida, alleging the defendant violated federal and state laws when she, or employees of the Santa Rosa County Clerk's Office whom she supervised, falsely published, in the county's public records

---

[1] Plaintiff erroneously identifies this statute as the "Health Information Privacy Accountability Act."  (Doc. 1, p. 4).

and on the county's publicly available Internet website, that plaintiff was convicted of "Donating Blood or Plasma, Knowing HIV Positive," when in fact plaintiff was convicted of "Obtaining Food and Lodge with Intent to Defraud." (Doc. 1). Plaintiff states that the erroneous publication first occurred in June of 1995, (*id*., p. 3 ¶ 1), that the error was re-published on the county's website on or around March 28, 2001, (*id*., p. 3 ¶ 2), that plaintiff became aware of the error in June of 2001, (*id*.),  and that plaintiff diligently sought correction of the error from November of 2001 until October of 2009 when it was finally corrected.  (*Id*., p. 3 ¶ 1).  Plaintiff asserts he suffered several adverse consequences as a result of the erroneous publication, including being rejected for a business loan in 2001, and losing the companionship of one or more female partners over the years, one with whom plaintiff intended to have a child in 1997.  Claiming defendant's conduct constituted cruel and unusual punishment in violation of the Eighth Amendment, caused plaintiff to endure discrimination prohibited by the Fourteenth Amendment, violated HIPAA, and constituted negligence, invasion of privacy, defamation and libel under state law, plaintiff seeks damages and a public apology.  (*Id*., p. 4).

## DISCUSSION

Plaintiff's § 1983 Claims Are Barred by the Statute of Limitations

A complaint may be dismissed as time-barred prior to service, when it "appear[s] beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (explaining that if a complaint's allegations show that relief is barred by the applicable statute of

limitations, the complaint is subject to dismissal for failure to state a claim). Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)). Florida applies a four-year personal injury statute of limitations. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996); Fla. Stat. § 95.11(3).

Although the <u>length</u> of the statute of limitations is resolved by reference to state law, the <u>accrual date</u> of a § 1983 action is governed by federal law. *Wallace v. Kato*, 549 U.S. at 388, 127 S. Ct. at 1095. Under federal law, the limitations period begins to run when the plaintiff knows or has reason to know "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283; *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights").

Here, plaintiff admits that he knew in 2001 of the alleged false publication by the Santa Rosa County Clerk's Office. As of that time, plaintiff knew or should have known all of the facts necessary to pursue a cause of action, yet he did not file his complaint in this case until February 24, 2011. Therefore, his § 1983 claims are time barred.

Plaintiff argues his complaint is not time barred, because the continuing

violation doctrine applies. "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Knight v. Columbus, Ga.*, 19 F.3d 579, 580-81 (11th Cir. 1994) (internal marks omitted). Here, the violation allegedly occurred twice – in 1995 and in 2001. The violation has not re-occurred since then. Plaintiff learned of the injury and its source in 2001, and could have filed suit at that time. Nothing required plaintiff to wait until the dispute was resolved and the records corrected. Therefore, the continuing violation doctrine does not apply to extend the limitations period. *See, e.g., Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (holding that continuing violation doctrine did not operate to extend limitations period for state prisoner's § 1983 complaint, which alleged defendants violated prisoner's constitutional rights by changing the frequency of his parole consideration under a newly enacted law; defendants' act, deciding not to consider prisoner for parole again until the specified year, was a one-time act with continued consequences); *see also, e.g., Garza v. Hudson*, No. 11-10114, 2011 WL 3360658 (11th Cir. Aug. 3, 2011)[2] (holding that continuing violation doctrine did not apply to civil rights action, which alleged the defendants violated plaintiff's constitutional rights by falsely reporting on plaintiff's Presentence Investigation Report prepared in 2004 that plaintiff was a Mexican national and not a United States citizen; defendants' act was a one-time act; the fact that consequences from defendants' act carried over into the future did not serve to extend the limitations period); *Serpenfoot*

---

[2]The undersigned cites this and other unpublished cases only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

*Case No: 3:11cv104/WS/CJK*

*v. Rome City Comm'n*, 426 F. App'x 884, 887 (11th Cir. 2011) (holding that statute of limitations for § 1983 and RICO claims began to accrue when plaintiff knew or should have known that she suffered the injury that formed the basis of her complaint, not upon the eventual termination of defendants' alleged misdeeds).

Nor is the fact that plaintiff sought to resolve the dispute before filing his complaint sufficient to toll the limitations period. Plaintiff identifies no "extraordinary circumstances" preventing him from timely filing, nor does plaintiff allege any in his complaint or in his opposition to the motion to dismiss. Equitable tolling of the limitations period would not be appropriate. *See Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006); *see also, e.g., Garza*, 2011 WL 3360658 at *1 ("The fact that [the plaintiff] sought to resolve the dispute about his citizenship status before filing his complaint was not sufficient to toll the limitations period."). Accordingly, plaintiff's constitutional claims asserted under § 1983 should be dismissed.

<u>Plaintiff Cannot State a Claim for Violation of HIPAA</u>

HIPAA does not provide a private right of action. *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1080 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *Negron-Santiago v. San Cristobal Hosp.*, 764 F. Supp. 2d 366, 370 (D. Puerto Rico 2011); *Doe v. Bd. of Trustees of Univ. of Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("HIPAA provides civil and criminal penalties for improper disclosure of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone."); *see also Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) ("[W]e agree that no private right of action exists under the Health Insurance Portability and Accountability Act."); *Sneed v. Pan Am.*

*Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action, or rights that are enforceable through § 1983."); *Klemonski v. Semple*, No. 3:09-CV-1611, 2010 WL 2011142, at *2 (D. Conn. May 19, 2010) ("Courts . . . repeatedly have held that HIPAA does not confer a private right. . . . Because HIPAA does not confer an express or implied right, plaintiff has no HIPAA rights to enforce in a section 1983 action."). Further, provisions of HIPAA may only be enforced by the Secretary of Health and Human Services. *See* 42 U.S.C. § 1320d–5. As plaintiff is a private actor, he may not allege a violation of the Act.

Even if HIPAA did recognize a private right of action, plaintiff's claims are time-barred. *See, e.g., Sneed*, 370 F. App'x at 50 (holding that regardless of whether HIPAA created a private right of action or a right enforceable under § 1983 in favor of emergency room patient whose medical records were provided to police and used against patient at murder trial, statute of limitations on any such cause of action accrued, at the very latest, when the medical records were introduced into evidence at patient's murder trial, not when patient's murder conviction was reversed; by the time the records were introduced at patient's trial it would have been apparent to a person with reasonably prudent regard for his rights that his medical records had been unlawfully seized).

Further, neither Mary Johnson, the Santa Rosa County Clerk's Office, nor the county itself could be a proper defendant under the facts alleged. HIPAA explains that "[a] covered entity may not use or disclose protected health information except as permitted or required . . . " 45 C. F. R. § 164.502. A covered entity includes a "health plan, health care clearing house, and a health care provider who transmits any health information in electronic form in connection with a covered transaction." 45

C. F. R. § 160.103.  Neither Ms. Johnson, the Santa Rosa County Clerk's Office, nor the county is a covered entity.  For all of the foregoing reasons, plaintiff cannot state a claim for violation of HIPAA.

Amendment is Futile

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  In this case, amendment would be futile; therefore, dismissal is appropriate.

Court Should Not Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Plaintiff also raises several claims arising under state law.  Although a district court may, in its discretion, exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the undersigned recommends that the court decline to exercise such jurisdiction in this instance.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").  Plaintiff should be aware of the relevant state statute of limitations, as well as the tolling provision of 28 U.S.C. § 1367(d) (providing that the period of limitations is tolled after dismissal for a period of 30 days so that plaintiff will not be prejudiced by refiling in state court).

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion to dismiss (doc. 13) be GRANTED insofar as it seeks dismissal of plaintiff's federal claims.

2. That plaintiff's federal claims be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

3. That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to plaintiff filing them in the appropriate state court.

4. That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of October, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).